UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LOUIS VUITTON MALLETIER S.A.S.,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **C.G.C. ENTERPRISES, INC.;** : <br> **CHARLES CHESLOCK; ABC CORPS** : <br> **1-10; and JOHN DOES 1-100,** : <br> : <br> **Defendants.** : <br> : | **Civil Action No: 3:24-cv-01287-VAB** |

### DEFENDANT C.G.C. ENTERPRISES, INC.'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton" or "Plaintiff") has filed this lawsuit naming as Defendants C.G.C. Enterprises, Inc. ("CGC"), Charles Cheslock, and various unnamed corporations and individuals. Louis Vuitton seeks to hold the defendants liable for the alleged infringement of Louis Vuitton's trademarks at what it refers to as the Boulevard Flea Market. Notably, Louis Vuitton does not bring these claims against any actual infringers of Louis Vuitton's trademarks. Instead, it primarily has brought this action against CGC and Cheslock seeking to hold them liable for not preventing the infringement.

Louis Vuitton has packaged its claims as contributory trademark liability (Count I), breach of contract related to a prior settlement (Count II), breach of the covenant of good faith and fair dealing (Count III), unjust enrichment (Count IV), and vicarious liability (Counts V-VII). While CGC disputes many of the factual allegations in the Complaint, even if one accepts them as true for purposes of this motion, Plaintiff still has failed to plead a viable claim for unjust enrichment for two reasons.

1

*First*, under Connecticut law, when a valid contract exists between the parties concerning the subject matter at issue, a plaintiff cannot sidestep the contract and recover under a theory of unjust enrichment. Here, not only does Louis Vuitton allege there is a written contract between the parties concerning this subject matter – namely the "2018 Settlement Agreement" – it expressly incorporates its allegations about the contract and the purported breach into the unjust enrichment claim. Louis Vuitton then goes further and points to its alleged performance under the contract as one of the ways CGC was "unjustly enriched."[1] Complaint, Count IV ¶ 98 (alleging "Defendants have been unjustly enriched … by continuing to benefit from Louis Vuitton's adherence to the 2018 Settlement Agreement notwithstanding Defendants' breaches"). The unjust enrichment claim, therefore, is nothing more than an improperly repackaged contract claim.

*Second*, to plead unjust enrichment, a plaintiff must allege not only that the defendant received a benefit, but that it unjustly did not pay *the plaintiff* for the benefit to the plaintiff's detriment. Louis Vuitton fails to allege that here. Instead, it alleges that CGC was unjustly enriched from revenue it receives *from vendors* and customer foot traffic at the market. Complaint, Count IV ¶ 98. In other words, Louis Vuitton alleges that vendors and customers, not Louis Vuitton, conferred a benefit on CGC. That does not support a claim for unjust enrichment. To plead unjust enrichment, Plaintiff must identify a benefit retained by CGC at Plaintiff's expense. The Complaint identifies no such non-contractual benefit, making the claim deficient on its face.

Therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, CGC respectfully moves to dismiss the unjust enrichment claim in Count IV.

---

[1] CGC disputes that Louis Vuitton performed as required by the 2018 Settlement Agreement and treats Louis Vuitton's allegations as true only for purposes of this motion to dismiss, as it must under governing law. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

**FACTUAL ALLEGATIONS**

Louis Vuitton is a French company engaged in the design, manufacture, distribution, and sale of luggage, handbags, watches, and other merchandise. Complaint ¶ 6. In its Complaint, Louis Vuitton alleges that it owns numerous registered trademarks, including not only the Louis Vuitton name and LV logo, but a litany of floral, checkered, and other patterns and designs. *Id.* ¶ 20.

Louis Vuitton alleges that CGC owns and operates a flea market at 500 Ella T. Grasso in New Haven, Connecticut, which it refers to as the Boulevard Flea Market or the "Market." *Id.* ¶ 1. In 2017, Louis Vuitton uncovered what it believed to be the sale of merchandise by vendors at the Market that bore counterfeit Louis Vuitton marks. *Id.* ¶¶ 35-37. Through discussions in early 2018, Louis Vuitton, CGC, and Cheslock reached an agreement to address the issue. *Id.* ¶ 38. Pursuant to the 2018 Settlement Agreement, CGC and Cheslock agreed to take certain specified steps to try to prevent rogue vendors from selling merchandise bearing counterfeit Louis Vuitton trademarks. *Id.* ¶ 38.

Louis Vuitton claims the steps taken were not enough because its investigator(s) conducted inspections between October 2022 and April 2023 and allegedly were able to purchase from vendors merchandise bearing counterfeit Louis Vuitton trademarks. *Id.* ¶ 56. Louis Vuitton identifies specific dates on which its investigator(s) conducted what appears to have been undercover purchases, but it does not state whether those were the only dates its investigators visited the Market or whether the investigators visited on additional days but were unable to find any vendors selling counterfeit Louis Vuitton products on those other days. Despite concluding its investigation in April 2023, *id.* ¶ 56, Louis Vuitton waited months before notifying Defendants

that its investigators had found vendors selling merchandise at the Market that bore inauthentic Louis Vuitton marks, *id.* ¶ 61.[2]

Louis Vuitton filed this lawsuit in August 2024. It names as defendants CGC, Cheslock, "ABC Corporations 1-10" and "John Does 1-100." Notably, Louis Vuitton has not named a single vendor who engaged in the allegedly infringing merchandise sales. Instead, it asserts seven counts against CGC, Cheslock, and the unnamed entities and individuals: Count I for contributory trademark infringement; Count II for breach of contract (the 2018 Settlement Agreement); Count III for breach of the implied covenant of good faith and fair dealing; Count IV for unjust enrichment; Count V for vicarious liability on all counts against Cheslock; Count VI for vicarious liability on all counts against the unnamed John Does; and Count VII for vicarious liability on all counts against the unnamed ABC Corps.

As noted above and as discussed in more detail below, Count IV fails to state a viable claim for unjust enrichment under Connecticut law and should be dismissed.

## ARGUMENT

### I.  Legal Standard

The standard that governs a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is well-established. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Thus, to avoid dismissal, a plaintiff must provide the "grounds" of their "entitle[ment] to relief," which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party,

---

[2] Louis Vuitton's delay in notifying CGC of the allegedly counterfeit sales was itself a breach of the 2018 Settlement Agreement.

4

it must grant the moving party's motion if a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims." *Schulz v. Medtronic, Inc.*, No. 3:21-cv-00414 (MPS), 2022 WL 503960, at *2 (D. Conn. Feb. 18, 2022) (citation omitted; internal quotations omitted).

## II.     Louis Vuitton's Unjust Enrichment Claim is Fatally Defective

Plaintiff's unjust enrichment claim against CGC fails to state a viable claim because: (1) it is barred by the existence of the 2018 Settlement Agreement, and (2) CGC did not receive any non-contractual benefit from Louis Vuitton to Louis Vuitton's detriment.

### A.     The Unjust Enrichment Claim is Barred by the 2018 Settlement Agreement.

It is well settled under Connecticut law that "unjust enrichment is not available as a remedy when there is a valid contract between the parties and that contract addresses the matter at issue in the unjust enrichment action." *Gleason v. Durden*, 211 Conn. App. 416, 428, *cert. denied*, 343 Conn. 921 (2022); *see also J&S Mechanical, LLC v. Morston*, 2023 WL 5547196 (Conn. Super. Ct. Aug. 25, 2023) (*citing Connecticut Light & Power Co. v. Proctor*, 158 Conn. App. 248, 252 n.7 (2015) ("[a] court . . . cannot grant relief on a theory of unjust enrichment unless the court first finds that there was no contract between the parties"), *aff'd*, 324 Conn. 245 (2016)).

The rationale for this rule is that the equitable principle of restitution at the root of unjust enrichment "is subordinate to contract as an organizing principle of private relationships, and the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach." Restatement (Third) of Restitution and Unjust Enrichment, § 2, cmt. c (2011). Indeed, "an express contract between the parties precludes recognition of an implied-in-law contract governing the same subject matter." *Meaney v. Connecticut Hosp. Ass'n, Inc.*, 250 Conn. 500, 517 (1999) (quoting Farnsworth on Contracts).

In *Meaney*, the Court concluded that an employee could not recover in unjust enrichment against his employer for its failure to pay him incentive compensation when an express, enforceable employment contract set the employee's compensation terms. *See id.* at 519-523; *see also Paulsen v. Kronberg*, 66 Conn. App. 876, 879 (2001) ("The court found a contract between the parties to exist and that the plaintiff had been paid what was due him under that contract. Therefore, the court properly concluded that the doctrine of unjust enrichment has no application to this case."); *Buonocore v. Whitehall Ave.*, 2017 WL 2802806, at *4 (Conn. Super. Ct. May 24, 2017) (dismissing unjust enrichment claim because "proof of an operative contract is incompatible with recovery on an unjust enrichment theory"); *Ravski v. Connecticut State Med. Soc., IPA, Inc.*, No. X01CV044000582S, 2005 WL 469300, at *5 (Conn. Super. Ct. Jan. 26, 2005) ("The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment.").

As Connecticut law has repeatedly made plain, and as contract treatises have long explained, "a party that has made a contract with another cannot simply disregard the contract and claim restitution from the other party for performance rendered under the contract." *Park Ave. Grp. Consulting, LLC v. Maffe*, 2014 WL 1717103, at *9 (Conn. Super. Ct. March 26, 2014) (quoting *Total Recycling Servs. of Conn., Inc. v. Conn. Oil Recycling Servs., LLC*, 114 Conn. App. 671, 678–79 (Conn. 2009)) (quoting Farnsworth on Contracts)). Although some courts will allow a plaintiff to plead an unjust enrichment claim in the alternative to a breach of contract claim at the outset of a case, "it cannot be accomplished by the express incorporation of a claim of a breach of contract." *Marjanovic v. Naugatuck Valley Women's Health Specialists, P.C.*, No. UWYCV146022762S, 2015 WL 3519101, at *5 (Conn. Super. Ct. May 7, 2015) (quoting *Darsten Techs. v. Golden Compass, Inc.*, No. CV136043132S, 2014 WL 2853805, at *3 (Conn. Super. Ct. May 16, 2014)).

Louis Vuitton has done exactly that. It alleges that it, CGC and Cheslock "discussed and agreed to a framework to resolve all of the prior infringement, and CGC, Cheslock and the Market agreed to take certain actions moving forward." Complaint ¶ 38. Louis Vuitton alleges further that "[t]his agreement was embodied in the June 2018 Settlement Agreement executed by CGC and Cheslock on June 8, 2018 and by Louis Vuitton on June 11, 2018, *id.*, and that "[t]he June 2018 Settlement Agreement took effect on June 11, 2018" and applies to this matter. ¶ 46. Louis Vuitton incorporates all the allegations above into its breach of contract claim, and alleges that "Defendants have materially breached the June 2018 Settlement Agreement" and seeks damages for those alleged breaches. Complaint, Count II ¶¶ 86-88.

Importantly, Louis Vuitton incorporates all the prior allegations in the Complaint, including all the allegations about the 2018 Settlement Agreement, its terms, validity, and alleged breach, into the claim for unjust enrichment asserted in Count IV. Complaint, Count IV ¶ 97 ("Louis Vuitton repeats, realleges, and incorporates the allegations set forth above in Paragraphs 1 through 96 as if fully set forth herein."). Intertwining its breach of contract and unjust enrichment claims even further, Louis Vuitton alleges in support of its claim for unjust enrichment that "Defendants have been unjustly enriched through their wrongful actions *including by continuing to benefit from Louis Vuitton's adherence to the June 2018 Settlement Agreement notwithstanding Defendants' breaches….*" *Id.* ¶ 98 (emphasis added). In other words, not only has Louis Vuitton expressly incorporated the contract allegations and claim into the unjust enrichment claim, it is explicitly using the alleged breach of contract as the basis for the unjust enrichment claim.

Because Louis Vuitton pleads the existence of a valid contract, expressly incorporates the contract and its alleged breach into the claim for unjust enrichment, and cites the alleged breach of contract as an element of the unjust enrichment claim, the unjust enrichment claim is improper

7

and should be dismissed. *See Meaney*, 250 Conn. at 517 ("an express contract between the parties precludes recognition of an implied-in-law contract governing the same subject matter"); *J&S Mechanical, LLC v. Morston*, 2023 WL 5547196 (Conn. Super. Ct. Aug. 25, 2023) ("unjust enrichment is not available as a remedy when there is a valid contract between the parties and that contract addresses the matter at issue in the unjust enrichment action"); *Buonocore*, 2017 WL 2802806, at *4 (dismissing unjust enrichment claim because "proof of an operative contract is incompatible with recovery on an unjust enrichment theory"); *Ravski*, 2005 WL 469300, at *5 ("The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment."); *Marjanovic*, 2015 WL 3519101, at *5 (pleading unjust enrichment in the alternative to breach of contract "cannot be accomplished by the express incorporation of a claim of a breach of contract").

### B. CGC Did Not Receive Benefits from Plaintiff or to Fail to Pay to Plaintiff's Detriment.

The elements of an unjust enrichment claim are well established. A plaintiff must plead and prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Town of New Hartford v. Connecticut Res. Recovery Auth.*, 291 Conn. 433, 451, 970 A.2d 592 (2009). Crucially, this doctrine is "based on the postulate that it is contrary to equity and fairness for a defendant to retain a benefit *at the expense of the plaintiff*." *Gagne v. Vaccaro*, 255 Conn. 390, 766 A.2d 416 (2001) (emphasis added). Louis Vuitton's unjust enrichment claim does not fit within that established framework.

Louis Vuitton alleges that CGC was unjustly enriched in two ways. First, it claims CGC was enriched by Louis Vuitton allegedly continuing to adhere to the 2018 Settlement Agreement after Defendants' alleged breach. As discussed above, that is merely an improper repacking of the

8

breach of contract claim, which fails for the reasons discussed above. Second, Louis Vuitton claims that Defendants were unjustly enriched by "continuing to profit and derive revenues from the Vendors who trade in Counterfeit Louis Vuitton Products and the resulting customers and foot traffic this unlawful activity attracts." Complaint, Count IV ¶ 98. This allegation fares no better.

At best, Plaintiff has alleged that CGC received a benefit. But that is only part one of the three-part test. Plaintiff also must allege that CGC unjustly did not pay *Plaintiff* and that the failure to pay was to *Plaintiff's* detriment. *Town of New Hartford*, 291 Conn. at 451. Plaintiff has not alleged either. Instead, it alleges that CGC benefited by receiving revenues and alleged profits from *vendors* and from having the foot traffic of customers. Complaint, Count IV ¶ 98. Plaintiff, therefore, has failed to plausibly allege that it was Plaintiff who bestowed a benefit on CGC and that CGC unjustly failed to pay Plaintiff for that benefit and the failure to pay was to Plaintiff's detriment. The claim for unjust enrichment as pleaded fails to satisfy the core elements of an unjust enrichment claim and should be dismissed.

## CONCLUSION

For the reasons discussed above, Louis Vuitton's claim for unjust enrichment fails to state a legally viable claim and should be dismissed.

Respectfully submitted,

*/s/ Joseph C. Merschman*
Joseph C. Merschman (ct27896)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jmerschman@wiggin.com

*Attorney for C.G.C. Enterprises, Inc.*

9