UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., <br>   *Plaintiff*, <br><br> v. <br><br> C.G.C. ENTERPRISES, INC. *et al.*, <br>   *Defendants*. | No. 3:24-cv-01287-VAB |

**ORDER**

Consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), the Court provides further guidance to the parties through this Order regarding the outstanding discovery disputes.

As a preliminary matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under these principles, and having considered the parties' arguments, the following discovery shall be required at this time, without prejudice to further discovery in light of new developments after this discovery.

First, C.G.C. Enterprises, Inc. ("Defendant") shall produce any and all information, including but not limited to any and all correspondence (whether electronic or otherwise), and documents (whether electronic or otherwise) relating to its compliance with the June 2018 Settlement Agreement from June 8, 2018 to the present day. *See* Am. Compl. ¶ 36 (alleging that

"the June 2018 Settlement [Agreement was] executed by C.G.C. and [Charles] Cheslock [Sr.] on June 8, 2018, and by Louis Vuitton Malletier S.A.S. ("Louis Vuitton") on June 11, 2018."). While Louis Vuitton seeks information two years before this June 2018 Agreement, given the claims alleged regarding it, *see id.* at ¶ 88-94 (focusing on the actions taken in violation of the June 2018 Settlement Agreement, *see, e.g.,* ¶ 85 (alleging that the Defendants "materially breached" the June 2018 Settlement Agreement by "failing" to take certain actions); ¶ 90 (alleging a breach of the covenant of good faith and fair dealing "by intentionally and knowingly breaching their obligations" under the June 2018 Settlement Agreement), for now, this case should focus on the failures allegedly occurring after the June 2018 Settlement Agreement, rather than any promises or statements made before its execution. *See Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (Fed. R. Civ. P. 26 "empower[s] district courts with 'broad discretion to manage' or otherwise limit discovery based on the circumstances." (citing *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003)); *cf. Konover Development Corp. v. Zeller*, 635 A.2d 798, 803 (Conn. 1994) ("When the parties have expressed their contract in writing, evidence of prior or contemporaneous understandings and negotiations will not be admissible to vary or contradict the writing."). Nevertheless, if after the disclosure of all of the discovery required by this Order, Louis Vuitton can make a good-faith

argument that non-duplicative and sufficiently relevant discovery still can be obtained, the Court will consider the issue once again.

Second, C.G.C. Enterprises, Inc. shall produce to Louis Vuitton documentation about its operational records maintained regarding its vendors from the date of the June 2018 Settlement Agreement to the present day.

Third, C.G.C. Enterprises, Inc. shall produce to Louis Vuitton its financial records from the date of the June 2018 Settlement Agreement to the present day, including but not limited to any tax returns.

Fourth, C.G.C. Enterprises, Inc. shall produce to Louis Vuitton any and all communication records, whether cellphone records, or e-mails within its possession, custody or control, related to its compliance with the June 2018 Settlement Agreement, including but not limited to any actions taken with respect to the activities covered by this Agreement. To the extent that C.G.C. Enterprises, Inc. has produced any and all such information or, after receiving this Order, produces what it believes to be any and all such information, the proper representative for the Defendant so shall certify this disclosure to the Plaintiff.

Fifth, C.G.C. Enterprises, Inc. shall produce to Louis Vuitton any and all communications and agreements with other trademark holders, other than Louis Vuitton, whether public or non-public from the date of the June 2018 Settlement Agreement to the present. To the extent that C.G.C. Enterprises, Inc. has produced any and all such information or, after receiving this Order, produces what it believes to be any and all such information, the proper representative for the Defendant so shall certify this disclosure to the Plaintiff.

Sixth, C.G.C. Enterprises, Inc. shall produce to Louis Vuitton all non-privileged documents related to the monitoring of the Market property. To the extent that C.G.C.

Enterprises, Inc. has produced any and all such information or, after receiving this Order, produces what it believes to be any and all such information, the proper representative for the Defendant so shall certify this disclosure to the Plaintiff.

Seventh, Louis Vuitton shall produce to C.G.C. Enterprises, Inc. any and all outstanding discovery. To the extent that Louis Vuitton has produced any and all such information or, after receiving this Order, produces what it believes to be any and all such information, the proper representative for the Plaintiff so shall certify this disclosure to the Defendants.

Finally, in light of this Order, the current scheduling order, ECF No. 59, shall be amended as follows:

- Fact depositions shall be completed by **February 13, 2026**.
- Parties must designate experts by **April 3, 2026**.
- Depositions of these experts shall be completed by **May 8, 2026**.
- All discovery shall be completed by **May 8, 2026**.
- Dispositive motions due by **June 12, 2026**.
- Joint Trial Memorandum due by **October 2, 2026**, or thirty (30) days after the Court rules on a dispositive motion.
- Trial-ready date of **November 9, 2026**, or thirty (30) days after the submission of the joint trial memorandum

**SO ORDERED** at New Haven, Connecticut, this 23rd day of December, 2025.

/s/ Victor A. Bolden

Victor A. Bolden
United States District Judge